**Aug 19, 2009**

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: CELEXA AND LEXAPRO MARKETING
AND SALES PRACTICES LITIGATION**

| | | |
|---|---|---|
| Universal Care, Inc., et al. v. Forest Pharmaceuticals, Inc., et al., | ) | |
| E.D. Missouri, C.A. No. 4:09-451 | ) | MDL No. 2067 |
| New Mexico UFCW Union's & Employer's Health & | ) | |
| Welfare Trust Fund, et al. v. Forest Laboratories, Inc., et al., | ) | |
| E.D. New York, C.A. No. 1:09-1033 | ) | |

## TRANSFER ORDER

**Before the entire Panel**:  Forest Laboratories, Inc., and Forest Pharmaceuticals, Inc. (collectively Forest) move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Eastern District of New York.  The motion encompasses two actions pending, respectively, in the Eastern District of Missouri and the Eastern District of New York.[1] Plaintiffs in the Eastern District of New York action support the motion.

Plaintiffs in the Eastern District of Missouri action initially asked the Panel to defer ruling on the Section 1407 motion until the Eastern District of Missouri had ruled on their motion to consolidate their action with other litigation pending there.  The Eastern District of Missouri has since denied their motion, and these plaintiffs now do not object to centralization in the Eastern District of New York. Plaintiff in the related action in the Southern District of New York proposes centralization in the Southern District of New York.

On the basis of the papers and hearing session arguments, we find that these two actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  Plaintiffs in both actions allege that Forest engaged in false and misleading promotion of Celexa and Lexapro for pediatric or adolescent use and sought to induce physicians and others to

---

[1]  The parties have notified the Panel of four additional actions: two in the Southern District of Illinois and one each in the Eastern District of Missouri and the Southern District of New York.  These actions and any other related actions will be treated as potential tag-along actions.  *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).  Plaintiffs in the Eastern District of Missouri have also identified two District of Massachusetts *qui tam* actions as related to the instant litigation.

- 2 -

prescribe Celexa or Lexapro by providing them with various forms of illegal remuneration. The plaintiffs further allege that this conduct caused them economic harm. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary.

We find that the District of Massachusetts is an appropriate transferee forum for this litigation. The two *qui tam* actions that apparently spawned the actions now before the Panel are pending in the District of Massachusetts. Also, centralization in this district permits the Panel to assign the litigation to an experienced judge who is not presently overseeing another multidistrict litigation docket and who has a caseload relatively favorable for this assignment.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Nathaniel M. Gorton for coordinated or consolidated pretrial proceedings in that district.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Robert L. Miller, Jr.          Kathryn H. Vratil
David R. Hansen                W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.