UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: CELEXA AND LEXAPRO MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2067 |

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO –4)**

On August 19, 2009, the Panel transferred 2 civil action(s) to the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. *See* 652 F.Supp.2d 1377 (J.P.M.L. 2009). Since that time, 5 additional action(s) have been transferred to the District of Massachusetts. With the consent of that court, all such actions have been assigned to the Honorable Nathaniel M Gorton.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the District of Massachusetts and assigned to Judge Gorton.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. §1407 to the District of Massachusetts for the reasons stated in the order of August 19, 2009, and, with the consent of that court, assigned to the Honorable Nathaniel M Gorton.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Massachusetts. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7–day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

| | | | |
|---|---|---|---|
| **IN RE: CELEXA AND LEXAPRO MARKETING AND SALES PRACTICES LITIGATION** | | | **MDL No. 2067** |

**SCHEDULE CTO–4 – TAG–ALONG ACTIONS**

| **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
|---|---|---|---|
| MINNESOTA | | | |
| MN | 0 | 13–03112 | Painters and Allied Trades District Council 82 Health Care Fund v. Forest Pharmaceuticals, Inc. et al |